UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CARMEN CARRILLO,** individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **COMMUNITY ASSISTANCE HEALTHCARE SERVICES LLC**, a Texas Corporation, <br><br> Defendant. | **CIVIL CASE NO. 5:19-cv-00443** |

### COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Carmen Carrillo, individually and on behalf of the Fair Labor Standards Act ("FLSA") Collective, by and through undersigned counsel, brings this Collective Action Complaint against Defendant Community Assistance Healthcare Services LLC, and allege upon information and belief, as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq*.

2. Defendant is a non-medical home care agency providing in home companion and personal care services to physically-challenged and dependent individuals of all ages in their own home.[1]

---

[1] See Defendant's web page: https://www.communityhcs.com/ (last accessed Apr. 22, 2019).

3. Plaintiff and the putative FLSA collective members are hourly-paid home care workers who are victims of Defendant's common unlawful policies in violation of the FLSA.

4. Defendant required the hourly-paid home care workers to perform work for over forty (40) hours a week but it failed to pay overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

5. Specifically, Defendant impermissibly paid overtime at a straight rate of pay without adding a premium.

6. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All hourly-paid home care workers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the hourly-paid home care workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

8. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

10. This Court has personal jurisdiction over Defendant because at all relevant times it has done business within the state of Texas and is registered with the Texas Secretary of State (Texas Taxpayer Number: 32045287326; Texas SOS File Number: 0801492672).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district, employs the hourly-paid home care workers in this district and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

12. Defendant Community Assistance Healthcare Services LLC ("Community Assistance HCS") is a for-profit entity created and existing under and by virtue of the laws of the State of Texas.

13. According to its website, Community Assistance HCS has employed a staff of hourly-paid home care workers servicing at least the following areas:

REGION 7
Bastrop, Bell, Blanco, Brazos, Burleson, Burnet, Fayette, Hays, Leon, Llano, Travis and Williamson Counties

REGION 8
Atascosa, Bandera, Bexar, Calhoun, Comal, DeWitt, Dimmit, Edwards, Frio, Gillespie, Goliad, Gonzales, Jackson, Karnes, Kendall, Kerr, Kinney, La Salle, Lavaca, Maverick, Medina, Real, Uvalde, Val Verde, Victoria, Wilson, Zavala

14. According to the Texas Secretary of State website, Community Assistance HCS has a mailing address at 3201 Cherry Ridge St., Ste B204, San Antonio, TX 78230-4825 and it has the following designated agent for service of process: Sandra Puente, 15714 Robin View, San Antonio, TX 78255.

15. According to the Texas Secretary of State website, Community Assistance HCS has the following managing members: Elia Garza, 11112 Avering, Austin, TX 78754 and Sandra Puente, 15714 Robin View, San Antonio, TX 78255.

16. Plaintiff Carmen Carrillo ("Carrillo") is a resident of the County of Bexar and State of Texas.

17. Ms. Carrillo is employed by Defendant as an hourly-paid home care worker from approximately August 2017 to the present.

18. Ms. Carrillo's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## GENERAL FACTUAL ALLEGATIONS

## THE FLSA COVERS DOMESTIC SERVICE EMPLOYEES

19. The FLSA stands as a broad expression of Congressional policy that employers must treat workers fairly in the workplace. That includes a statutory minimum wage and mandatory overtime pay provisions, and it is backed up by a private right of action that employees can assert against employers.

20. The overtime provisions are at issue in this case.

21. Covered employers—those subject to the FLSA's reach—must pay overtime to each employee unless they can show that the employee is exempt from FLSA coverage.

22. Exemption from coverage is determined on an employee-by-employee basis, and the burden is on the employer to justify any claimed exemption.

23. In 1974, Congress extended the FLSA's coverage to "domestic service employees." 29 U.S.C. § 202(a), 206(f), 207 (l); *see also* 78 Fed. Reg. 60,454, 60,457 (Oct. 1, 2013) (explaining statutory and regulatory scheme).

24. In extending the FLSA to cover domestic service employees, however, Congress exempted "any employee employed . . . to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15).

4

25. These employees included "'elder sitters[,],' whose primary responsibility was to watch over an elderly person . . . in the same manner that a babysitter watches over children." 78 Fed. Reg. at 60,454 (citing 110 Cong. Rec. S24773, S24801).

26. Historically, employers like the Defendant have improperly relied on the "companionship services" exemption to avoid paying overtime to home health aides like the Plaintiff.

27. The regulations implementing the statutory "companionship services" exemption more specifically define which employees may be exempt. "Companionship services" was intended to cover "'fellowship, care, and protection,' which included 'household work . . . such as meal preparation, bed making, washing of clothes, and other similar services' and could include general household work not exceeding '20 percent of the total weekly hours worked.'" 29 CFR § 552.6 (former); 78 Fed. Reg. at 60,457.

28. Accordingly, even before the new 2015 regulations came into effect, and still today, any worker who provided "companionship services" but also performed general household work in excess of 20% of total weekly output was not an exempt worker and thus received the benefit of the FLSA's protections.

**CONGRESS EXPANDS THE FLSA TO COVER HOME HEALTH AIDES**

29. In October 2013, the Department of Labor issued a final rule ("the 2015 regulations"), substantially revising the regulations implementing the FLSA's statutory exemptions. 78 Fed. Reg. 60,454 (Oct. 1, 2013).

30. That rule states: "This regulation is effective January 1, 2015."

31. In the 2015 regulations, the Department of Labor noted the changing character of today's labor force and the increasingly corporatized nature of companionship service provision.

78 Fed. Reg. at 60,455. The Department noted:

> As more individuals receive services at home rather than in nursing homes or other institutions, workers who provide home care services, referred to as ''direct care workers'' in this Final Rule but employed under titles including certified nursing assistants, home health aides, personal care aides, and caregivers, perform increasingly skilled duties. Today, direct care workers are for the most part not the elder sitters that Congress envisioned when it enacted the companionship services exemption in 1974, but are instead professional caregivers.

32. The Department also noted that "[d]espite this professionalization of home care work, many direct care workers . . . have been excluded from the minimum wage and overtime protections of the FLSA," and that the lack of such protections "harms direct care workers, who depend on wages for their livelihood," "as well as the individuals receiving services and their families, who depend on a professional, trained workforce to provide high-quality services." *Id*.

33. Based on these findings, the 2015 regulations extended overtime and minimum wage protections to workers employed as home health aides. Specifically, employees providing medically-related services to individuals are not exempt from the FLSA's protections.

34. The 2015 regulations now state that "companionship services" as defined in the statute, 29 U.S.C. § 213(a)(15), "does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse." 29 CFR § 552.6.

35. Section 552.6, thus, means that home health aides are no longer exempt from the FLSA's coverage.

**THIRD-PARTY AGENCIES ARE SUBJECT TO SPECIAL RULES**

36. The 2015 regulations included a new provision, 29 CFR § 552.109, which affected third-party employers' obligations under the FLSA.

37. Section 552.109(a) states: "Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption . . . ."

38. Thus, as of the 2015 regulations, a third-party employer could not exempt its employees from any FLSA coverage.

39. Further, section 552.109(c) states that third-party employers cannot assert an overtime exemption even as to live-in employees.

40. This rule requires employers to track the hours an employee works each day and week, among other things.

## PLAINTIFF'S WORK AS AN HOURLY-PAID HOME CARE WORKER

41. Defendant employs Plaintiff as an hourly-paid home care worker.

42. Plaintiff regularly works more than forty (40) hours per week.

43. Plaintiff regularly provides home care services to two (2) clients of the Defendants every week.

44. Plaintiff performs home care services including, among others, helping the clients with grooming, housework, cooking, doing errands, accompanying them to doctor's appointments, etc.

45. Plaintiff's hourly rate has been $8.75 since she started work for Defendants.

46. Plaintiff is paid twice a month, on the first and sixteenth of each month.

47. Defendant pays Plaintiff only at straight time, with no premium for overtime, despite her working well over forty (40) hours per week.

48. For example, attached as **Exhibit B** is a copy of Plaintiff's paystub for the pay period of 2/1/19 to 2/15/19 paystub.[2]

49. The 2/1/19 to 2/15/19 paystub shows Plaintiff was paid 126.75 work hours at the regular hourly rate of $8.75, without any half-time overtime premium. **Exhibit B.**

## FLSA AND COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff re-alleges and incorporates all previous paragraphs herein.

51. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid home care workers who were or have been affected by Defendant's unlawful common policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

52. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid home care workers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

53. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

54. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

---

[2] Redacted.

55. Plaintiff seeks to send Notice to the hourly-paid home care workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

56. Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

57. Defendant has generated over $500,000 in revenue per year.

58. Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

59. Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

60. Defendant was/is the "employer" of the hourly-paid home care workers including Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA.

61. The hourly-paid home care workers including Plaintiff were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

62. Defendant "suffered or permitted" the hourly-paid home care workers including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA.

63. The hourly-paid home care workers including Plaintiff are covered under "individual coverage" under the FLSA, 29 U.S.C. § 207(a)(1), because they engaged in the interstate commerce of providing home care services.

64. Defendant hired the hourly-paid home care workers including Plaintiff and determined the rate and method of the payment of their wages.

65. Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the hourly-paid home care workers including Plaintiff.

66. The hourly-paid home care workers including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

67. Defendant required the hourly-paid home care workers including Plaintiff to perform work for over forty (40) hours a week.

68. Defendant failed to compensate the hourly-paid home care workers overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

69. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

70. Defendant's violations of the above-described wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

71. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

72. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary 'relief to it can be effectuated from a review of Defendant's records.

73. Plaintiff and the putative FLSA collective members demand a trial by jury.

**COUNT I**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**
**[Failure to Pay Overtime Wages]**

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. Plaintiff and the FLSA collective members regularly worked more than (40) hours per week.

76. Defendant failed to pay Plaintiffs and the FLSA collective members overtime wages at a rate not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per workweek.

77. The FLSA requires an employer to pay employees a premium overtime rate of one and a half times regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

78. After January 1, 2015, the companionship services exemption was no longer available to third-party agencies like the Defendant. 29 CFR § 552.109(a).

79. Accordingly, the Plaintiff is not exempt from the FLSA's coverage for overtime.

80. Despite the changes in the regulations, however, the Defendant paid Plaintiff and those similarly situated to her, only straight time, not the FLSA's mandated overtime pay, for each workweek where she works over 40 hours.

81. Accordingly, the Defendant has violated the Fair Labor Standards Act and are liable for damages as set out in 29 U.S.C. § 216(b).

82. The Defendant's FLSA violations were knowing and willful within the meaning of the statute, 29 U.S.C. § 255.

83. The Defendant's FLSA violations are also continuing, i.e., its illegal pay policy has not changed and continues forward to this day.

84. The Defendant's FLSA violations were committed against the Plaintiff as well as the putative collective she intends to represent.

85. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney fees and costs.

Accordingly, Plaintiff demands, on behalf of herself and the putative collective:

- Certification of these claims as a collective action under 29 U.S.C. § 216(b);
- Back wages in the amount of one-half their regular rate of pay;
- Liquidated Damages;
- Attorney Fees and costs of prosecuting this action; and
- Pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B)     An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective members;

(E)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(F)     Designating Lead Plaintiff as the representatives of the FLSA collective in this action;

(G)     Designating the undersigned counsel as counsel for the FLSA collective in this action;

(H)     Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I)     An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective in this action;

(J)     An award for reasonable attorneys' fees and costs in connection with this action as provided for by the FLSA and applicable laws and rules;

(K)     Judgment for any and all civil penalties to which Plaintiffs and the FLSA collective members may be entitled; and

(L)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective members, by and through undersigned attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.


Dated: April 29, 2019                                   Respectfully Submitted,


                                        By:     */s/ Charles W. Branham, III*
                                                Charles W. Branham, III, Esq.
                                                Texas State Bar No. 24012323
                                                **DEAN OMAR BRANHAM SHIRLEY, LLP**
                                                302 N. Market Street, Suite 300
                                                Dallas, TX 75202
                                                T: (214) 722-5990
                                                F: (214) 722-5991
                                                Email: tbranham@dobslegal.com

                                                *Local Counsel for Plaintiff*


                                                Jason T. Brown, Esq.
                                                (will seek *Pro Hac Vice* Admission)
                                                **BROWN, LLC**
                                                111 Town Square Place, Suite 400
                                                Jersey City, NJ 07310
                                                T: (877) 561-0000
                                                F: (855) 582-5297
                                                Email: jtb@jtblawgroup.com

                                                *Lead Counsel for Plaintiff*